**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO.  09-02048** |
| | **Chapter   7** |
| **PMC MARKETING CORP** | |
| | **Adversary No. 12-00167** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS CHAPTER 7 TRUSTEE** | |
| **Plaintiff** | |
| **vs.** | |
| **SANTA ROSA MALL LLC** | |
| | **FILED & ENTERED ON 09/05/2014** |
| **Defendant(s)** | |

<u>**OPINION AND ORDER**</u>

Before this court is Creditor/Defendant's Motion for Summary Judgment [Dkt. No. 25] and Trustee/Plaintiff's Opposition and Amended Opposition to Defendant's Motion for Summary Judgment and accompanying Response and Amended Response [Dkt. No. 28, 29, 32, 33]. For the reasons set forth below, Defendant's Motion for Summary Judgment is DENIED.

**I. Background**

Debtor, PMC Marketing Corporation, filed a voluntary chapter 11 bankruptcy petition on March 18, 2009. On March 2, 2012, Debtor's Chapter 7 Trustee (the "Trustee") filed an adversary proceeding to recover $32,171.90 against Defendant Santa Rosa Mall, LLC. Defendant answered the

Trustee's adversary proceeding on April 5, 2012, claiming that the three rent payments made by the Debtor on January 15, 2009, February 13, 2009, and February 28, 2009, all occurred during the ordinary course of business and thus cannot be returned to the Debtor's estate.  Defendant's Motion for Summary Judgment and Plaintiff's opposition followed.

**II.  Summary Judgment Motion**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Patco Constr. Co. v. People's United Bank, 684 F.3d 197, 206-07 (1st Cir. 2012) (quotation marks omitted).

In the summary judgment motion presently before the court, Defendant argues that there are no genuine issues as to any material facts and that therefore the moving party is entitled to judgment as a matter of law. First, Defendant argues that even though Debtor made three payments to Debtor on the dates of January 15, 2009, February 13, 2009, and February 28, 2009, only the third payment made on February 28, 2009 in the amount of $23,039.21, falls under the 90 days preference period. The court finds this argument unconvincing, because per the 90 day preference window, all three payments fall squarely within such time frame as Debtor filed its voluntary petition on March 18, 2009. Second, Defendant argues that even though the payments were made within the preference period, the payments fall under the ordinary course of business exception, and thus these payments cannot be returned to the estate. Defendant clarifies that these payments were made under Debtor's lease agreement, on a regular basis, to maintain possession of the rental property for conducting

business. Therefore, the Defendant contends that, as demonstrated in the Tenant's Ledger, that even though the payments were often considered late, Defendant nonetheless accepted these payments on a regular basis and as such, this payment history should be considered ordinary between the two parties.

In opposition, Plaintiff argues that there is no set pattern between the Parties' payments in the 15 months prior to Debtor's last payment to the Defendant and thus three payments do not qualify under the ordinary course of business exception. Plaintiff clarifies that during the 24 months period prior to the last payment, Debtor not only made late payments on different days of the month but also, missed payments or made partial payments during several months. Plaintiff further explains that the average lateness of payments between the two parties was 64.8 days with a median of 58 days and the average lateness of payments between two parties during the preference party was 101 days with a median of 101 days.

After reviewing the Plaintiff's arguments, and the relevant law, this court concludes that there are genuine issues as to material fact and that the moving party is not entitled to judgment as a matter of law.  In a motion for summary judgment, in order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense *or* demonstrate that the nonmoving party does not have sufficient evidence of an essential element to carry its ultimate burden of persuasion at trial. Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1516-17 (1st Cir. 1991); High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir.1990).

This Court has previously explained the ordinary course of business exception multiple times in prior Opinions involving this Debtor. The reader may refer to those Opinions. As Plaintiff's

amended opposition to Defendant's summary judgment correctly argues, there is no baseline of dealings between the two parties. In fact, during the 24 months period prior to the last payment Debtor not only made late payments on different days of the month but Debtor also missed payments or made partial payments during several months.

Under the ordinary course of business exception, Defendant could also meet the exception's requirements under § 547(c)(2)(B). However, because the Defendant did not pose any contentions under this section, the Court will not delve unnecessarily into such for judicial economy purposes.

WHEREFORE, IT IS ORDERED that Defendant's Motion for Summary Judgment shall be, and it hereby is, DENIED. Clerk to schedule a pre-trial hearing.

SO ORDERED

San Juan, Puerto Rico, this 5th day of September, 2014.

Brian K. Tester
U.S. Bankruptcy Judge