**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**PMC MARKETING CORP**<br><br><br>**Debtor(s)** | **CASE NO.  09-02048**<br>**Chapter   7**<br><br>**Adversary No. 12-00167** |
| **NOREEN WISCOVITCH RENTAS,<br>CHAPTER 7 TRUSTEE**<br><br>**Plaintiff**<br>**vs.**<br><br>**SANTA ROSA MALL LLC**<br><br>**Defendant(s)** | <span style="color:red">**FILED & ENTERED ON 04/10/2015**</span> |

## OPINION & ORDER

On November 20, 2014, the court scheduled this adversary for a trial following the denial of Defendant's Motion for Summary Judgment [See Dkt. No's 36, 45 and 46]. The court has independently reviewed the similar issues raised in this adversary proceeding and two others, namely adversary 12-00071 and 12-00094.

In adversary proceeding 12-00071, involving Defendant Villa Blanca VB Plaza, LLC, the court found that the Defendant had successfully proven by a preponderance of the evidence that the specific transaction was ordinary as *between the parties*. The Debtor's Tenant's Ledger revealed an inconsistent payment date and thus demonstrated that the lessor/lessee payment relationship between

the Debtor and the Defendant seemed to be a rather flexible one. Pursuant to 11 U.S.C. § 547(c)(2)(A)-(B) transfers originally made in the ordinary course of business or financial affairs of the debtor and the transferee, or transfers originally made according to ordinary business terms are excepted from trustee's avoidance powers as preferential if the underlying debt was originally incurred in the ordinary course of business or financial affairs of the debtor and the transferee. Thus, the Defendant had met the burden for both § 547(c)(2) and § 547(c)(2)(A), and the court granted summary judgment in favor of Defendant Villa Blanca VB Plaza, LLC.

The court finds that the Opinion and Order described above [see Dkt. No. 42 in adversary case number 12-00071] is legally sound and applicable to this instant proceeding as the legal arguments and facts correlate closely. As such, the trial scheduled for April 15, 2015, is vacated and set aside. The court reverses its previous finding in the Opinion and Order [Dkt. No 36], and instead GRANTS the Defendant's Motion for Summary Judgment. The Clerk shall enter the judgment.

SO ORDERED

San Juan, Puerto Rico, this 10th day of April, 2015.

Brian K. Tester
U.S. Bankruptcy Judge